IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-4440-N-BK |
| | § | |
| GEORGE L. SHOUP, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the District Judge's *Order of Reference*, Doc. 8, this cause has been referred to the undersigned for pretrial management, and is now before the Court for findings of fact and a recommended Plaintiff's *Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56*, Doc. 16. For the reasons stated herein, Plaintiff's motion should be **GRANTED**.

**A.    Background**

Plaintiff filed this action in December 2014 in an effort to collect on Defendant's unpaid student loan debt. Doc. 1. In August 1986 and September 1987, Defendant executed promissory notes with First State Bank of Denton for student loans of $2,500 and $4,000, respectively, with a repayment rate of eight percent interest per annum (collectively "the Notes"). Doc. 18 at 3, 8-9.[1] Both loans were guaranteed by the Texas

---

[1] The Certificate of Indebtedness attached to Plaintiff's motion, and to which Defendant does not object, is competent summary judgment evidence. *See United States v. Budd*, No. 14-CV-1501-B, 2016 WL 4771467, at *2 n.1 (N.D. Tex. Feb. 29, 2016) (Boyle, J.) (noting that a certificate of indebtedness is competent summary judgment evidence and, if unchallenged, may support an entry of judgment) (citing *United States v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001); *United States v. Chapa*, No. C-07-005, 2007 WL 4198387, at *1 (S.D. Tex. Nov. 23, 2007)).

Guaranteed Student Loan Corporation ("TGSLC"), and then reinsured by the United States Department of Education ("the Department") under loan guaranty programs authorized by Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. § 1071. Doc. 18 at 3.

In September 1998, Defendant defaulted on his loan obligation, prompting TGSLC to pay a claim in the amount of $8,630.75 to the holder of the guaranty. *Id.* The Department then reimbursed TGSLC under its reinsurance agreement. *Id.* TGSLC's subsequent attempts to collect the full amount due and owing were unsuccessful, and in July 2005, all right and title in the Notes were assigned by TGSLC to the Department. Since then, the Department has received a total of $525 in payments from all sources, including United States Treasury Department offsets. *Id.* After applying these offsets, as of May 12, 2014, Defendant owes Plaintiff $7,241.80, with interest accruing thereafter at a daily rate of $0.89. *Id.*.

In December 2014, Plaintiff sued to collect the debt. Doc. 1. In Defendant's brief answer to the Complaint, he states that, in his opinion, "payments/credits have not transferred from one servicer to another." Doc. 7 at 1. On August 1, 2017, Plaintiff filed the motion *sub judice*, seeking summary judgment on all its claims. Doc. 16. Defendant was required to file his response, if he opposed the relief request, by August 22, 2017, but he did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing a 21-day deadline for filing responses to motions). The Court sua sponte enlarged the time for filing a response to September 5, 2017, and advised Defendant that failure to do so would result in the consideration of Plaintiff's motion without any controverting evidence. *See* Doc. 19. On that date, Defendant filed a brief response, which reads *in toto*:

2

> I am asking that the Motion for Summary Judgment not be granted. I am in the process of researching payments made and the timeline different lenders held the loan. The loan passed through numerous lenders and it is my belief that all payments made have not been credited to my account. I ask that all findings be used in the final judgment, and I further hold hope that whatever the amount determined can be settled with [Plaintiff's counsel] prior to any set trial.

Doc. 20 at 1. Defendant proffered no controverting evidence.

### B. Request to Delay Determination

In his response, Defendant asks the Court to delay ruling on Plaintiff's summary judgment motion, averring that he is currently in the process of researching his payment history. Doc. 20 at 1. In light of Defendant's *pro se* status, such a request could properly be construed as a motion to continue summary judgment under Rule 56(d) of the Federal Rules of Civil Procedure. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]") (internal quotation marks and citation omitted).

Rule 56(d) – formerly Rule 56(f) – "provides a mechanism for dealing with the problem of premature summary judgment motions" whereby a court may continue a nonmoving party's obligation to file a summary judgment response. *Parakkavetty v. Indus. Int'l, Inc.*, No. 02-CV-1461-D, 2004 WL 354317, at *1 (N.D. Tex. Feb. 12, 2004) (Fitzwater, J.); FED. R. CIV. P. 56(d). Motions under Rule 56(d) are "broadly favored and should be liberally granted." *Culwell v. City of Ft. Worth*, 468 F.3d 868, 871 (5th Cir. 2006). However, in order to justify such relief, the nonmoving party must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition . . . ." FED. R. CIV. P. 56(d). The nonmoving party must indicate "why [it] needs additional discovery and how the additional discovery will create a

3

genuine issue of material fact." *Stults v. Conoco, Inc.*, 76 F.3d 651, 657-58 (5th Cir. 1996) (internal quotation marks and citation omitted).

Defendant's failure to submit an affidavit/declaration stating that he could not adequately respond to Plaintiff's motion for summary judgment is reason enough to deny his request for a continuance. *See, e.g., United States v. McCallum*, 970 F.2d 66, 71 (5th Cir. 1992) (affirming district court's denial of a Rule 56(f) motion where the nonmoving party failed to submit an affidavit stating he could not adequately respond to the government's motion for summary judgment). Additionally, Defendant fails to provide specific facts regarding the discovery he has conducted, why it was inadequate, or how additional time would enable him to raise a genuine issue of material fact or defeat Plaintiff's summary judgment motion. *See McDougall v. Binswanger Mgmt. Corp.*, No. 10-CV-2563-D, 2012 WL 1109551, at *4 (N.D. Tex. Apr. 3, 2012) (Fitzwater, C.J.) ("A nonmovant is not entitled to a Rule 56(d) continuance if it 'fail[s] to explain what discovery [it] did have, why it was inadequate, and what [it] expected to learn from further discovery' and gives only 'vague assertions of the need for additional discovery.'") (quoting *Bauer v. Albemarle Corp.*, 169 F.3d 962, 968 (5th Cir. 1999)). Indeed, there are no pleadings that suggest any discovery was conducted in this case.

Defendant's *pro se* status does not excuse him from complying with these procedural requirements. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam) (noting that *pro se* litigants are subject to "the established rules of practice and procedure"). The Court further notes that this case has been pending for nearly three years—ample time for Plaintiff to have researched his payment history. Accordingly, to

4

the extent Defendant's response could be construed as a motion to continue summary judgment under Rule 56(d), it is denied.

**C      Legal Standard**

As noted, Defendant's summary judgment response does not address Plaintiff's arguments and supporting evidence. *See* Doc. 20. Although the failure to respond to an argument raised in a motion for summary judgment does not entitle the movant to summary judgment on that point, *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1022-1023 (5th Cir. 1995), such a failure does effectively waive the nonmoving party's opportunity to offer evidence or legal argument in opposition to summary judgment, *see Ervin v. Sprint Commc'ns Co. L.P.*, 364 F. App'x 114, 117 (5th Cir. 2010) (per curiam). Indeed, a party's failure to "properly support an assertion of fact or . . . properly address another party's assertion of fact as required by Rule 56(c)" enables the court to "consider the fact undisputed for purposes of the motion[.]" FED. R. CIV. P. 56(e)(2); *see Doddy v. Oxy U.S.A., Inc.*, 101 F.3d 448, 463 (5th Cir. 1996) ("Rule 56 does not impose a duty on the district court to sift through the record in search of evidence to support a party's opposition to summary judgment.") (citation omitted). Accordingly, regarding Plaintiff's arguments, Defendant is relegated to its unsworn pleadings, which do not constitute competent summary judgment evidence. *Ass'n of Taxicab Operators, USA v. Yellow Checker Cab Co. of Dallas/Fort Worth, Inc.*, 910 F. Supp. 2d 971, 975 (N.D. Tex. 2012) (Godbey, J.) (citing *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445 (5th Cir. 1996)); *see also Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991) (stating that the allegations in the plaintiff's unsworn complaint were insufficient to defeat summary judgment). Defendant's pleadings are not verified and he attaches no

5

evidence to his summary judgment response; therefore, he has presented no summary judgment evidence. Accordingly, the court accepts the facts established by Plaintiff's evidence as undisputed.

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). Where, as here, the moving party bears the burden of proof on an issue, the moving party "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in [its] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis in original). Once the moving party carries this burden, the nonmoving party must come forward with "specific facts" showing a genuine factual issue for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* (internal quotation marks and citation omitted). "[U]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Nuwer v. Mariner Post-Acute Network*, 332 F.3d 310, 313 (5th Cir. 2003) (citations omitted). Nevertheless, when ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Matsushita*, 475 U.S. at 587.

**D. Analysis**

To prevail on its claims, Plaintiff must show (1) Defendant signed the Notes; (2) Plaintiff is the current owner or holder of the Notes; and (3) the Notes are in default. *Lawrence*, 276 F.3d at 197 (citing *F.D.I.C. v. Selaiden Builders, Inc.*, 973 F.2d 1249, 1254 (5th Cir. 1992)). Plaintiff has established each element. Specifically, Plaintiff proffers copies of the Notes, each of which bears Defendant's signature. Doc. 18-3 at 8-9 Additionally, the Certificate of Indebtedness, which was certified under penalty of perjury, shows that: (1) Defendant signed and executed the Notes, (2) Plaintiff is the current owner and holder of the Notes, and (3) Defendant has been in default since September 1998. Doc. 18 at 3; *Budd*, 2016 WL 4771467, at *2 n.1. The Certificate of Indebtedness shows that, as of May 12, 2014, Defendant owed Plaintiff $7,241.80, with interest accruing at a rate of $0.89 per day. Doc. 18 at 3, 8-9.

Having put forth evidence sufficient to satisfy each essential element of its claim "beyond peradventure," Plaintiff has met its summary judgment burden. *Fontenot*, 780 F.2d at 1194. At this point, the burden shifted to Defendant to "'set forth specific facts showing that there is a genuine issue for trial,' not just to 'rest upon the mere allegations or denials of [its] pleading.'" *Lawrence*, 276 F.3d at 197 (quoting *Resolution Tr. Corp. v. Camp*, 965 F.2d 25, 29 (5th Cir. 1992)); *Matsushita*, 475 U.S. at 586.

As stated, Defendant fails to respond to Plaintiff's arguments, challenge Plaintiff's evidence, or present controverting evidence of his own. *See* Doc. 20. In fact, beyond Defendant's unsworn answer and summary judgment response, which are not competent summary judgment evidence, there is no evidence that Defendant did not sign the Notes, that Plaintiff is not the current holder of the Notes, or that the Notes are not in

default. *See United States v. Lewis*, No. SA-05-CA-557-XR, 2005 WL 3447745, at *3 (W.D. Tex. Dec. 5, 2005) (granting summary judgment in favor of the Government where defendant raised the affirmative defense of payment in her unsworn answer, yet failed to file a summary judgment response or produce evidence that she did not sign the promissory notes, that the Government was not the holder of the notes, or that the notes were not in default).

Having failed to come forward with evidence demonstrating a genuine dispute of material fact, Defendant has failed to meet his summary judgment burden. Thus, Plaintiff is entitled to summary judgment as a matter of law. *See Celotex*, 477 U.S. at 323-24.

**E.    Conclusion**

In light of the foregoing, Plaintiff's *Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56*, Doc. 16, should be **GRANTED** and judgment entered in Plaintiff's favor.

**SO RECOMMENDED** on September 8, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE