IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:14-CV-4440-N-BK |
| | § | |
| GEORGE L. SHOUP, | § | |
|     Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Renée Harris Toliver made findings, conclusions and a recommendation in this case. Defendant filed objections, and the Court has made a de novo review of those portions of the proposed findings, conclusions and recommendation to which objection was made.

Defendant objects to the magistrate judge's denial of his request to continue summary judgment, arguing that additional discovery is necessary for him to properly contest, and for the Court to properly rule on, Plaintiff's motion for summary judgment. Specifically, Defendant seeks discovery that would permit an accurate calculation of his student loan debt. Such discovery is necessary, Defendant contends, because his loans have "transferred hands at minimum four times" over a 30-year period and the "inadequate/incomplete information" provided by Plaintiff's counsel "fails to show a clear and precise timeline along with an accurate accounting from lender to lender." Doc. 22 at 1. However, the necessity of the discovery aside, a "criteria for relief under Rule 56(f) is that the movant must have exercised due diligence in discovery." *Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005) (citation omitted). Defendant has failed to make such a showing.

As noted by the magistrate judge, Defendant has not detailed his discovery efforts and "there are no pleadings that suggest any discovery was conducted in this case." Doc. 21 at 4. Indeed, Defendant does not even contend – in his summary judgment response or objections – that, in the approximately three years this case has been pending, he initiated any discovery requests or made any other efforts to obtain the documents that he now seeks. *See Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1397 (5th Cir. 1994) (affirming denial of Rule 56(f) continuance where plaintiffs conducted very little discovery for more than one year before moving for a continuance); *Woodjoy Enters., Inc. v. Wise Cracker, Inc.*, No. 3:98-CV-0560-L, 2002 WL 1878862, at *3 (N.D. Tex. Aug. 12, 2002) (Lindsay, J.) (denying Rule 56(f) continuance where plaintiff failed to take any affirmative action to obtain discovery, e.g., filing a motion for leave or to compel, and instead permitted the case to "languish on the court's docket").

Nor has Plaintiff offered any explanation for his apparent inaction. This is particularly puzzling, as Defendant surely was aware that he would need this discovery as early as May 2015 when he filed his Answer stating that he believed his loan payments had not transferred between servicers. Doc. 7 at 1; *see Young v. Asset Acceptance, LLC*, No. 3:09-CV-2477-BH, 2011 WL 601619, at *2 (N.D. Tex. Feb. 10, 2011) (Ramirez, J.) (denying Rule 56(f) continuance where plaintiff did not explain why he failed to pursue discovery until one month before the discovery deadline, or why he was unable to obtain the information through discovery he had already served).

In sum, Defendant's failure to demonstrate that he diligently pursued discovery warrants denial of his request to continue summary judgment. *Baker*, 430 F.3d at 756; *see Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992) ("[T]he trial court need not

aid non-movants who have occasioned their own predicament through sloth.") (citation omitted). Accordingly, Defendant's objections are overruled and the Court accepts the Findings, Conclusions and Recommendation of the United States Magistrate Judge. Plaintiff's *Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56*, Doc. 16, is **GRANTED**.

    **SO ORDERED** this 10th day of October, 2017.

_____
DAVID C. GODBEY
UNITED STATES DISTRICT JUDGE